**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BROTHERS ENT, INC. D.B.A. PRIMOS FOOD MART #2,** | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. _____** |
| | § | |
| **WESTCHESTER SURPLUS LINES INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**<u>DEFENDANT'S NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Westchester Surplus Lines Insurance Company ("Westchester") files this Notice of Removal and respectfully shows that diversity subject-matter jurisdiction exists and removal is timely.

**I.
<u>REMOVAL IS TIMELY</u>**

1.      On August 31, 2017, Plaintiff filed its Original Petition in the matter styled *Brothers ENT, Inc. D.B.A. Primos Food Mart #2 v. Westchester Surplus Lines Insurance Company,* Cause No. 2017-CI-16625, in the 288th Judicial District Court of Bexar County, Texas.

2.      The Texas Department of Insurance, Westchester's statutory agent, was first properly served with process of service on October 23, 2017. The Texas Department of Insurance sent a copy of the citation and petition to Westchester, which were received on or about November 2, 2017.

3.      Under federal law, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the

initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

4.      Westchester files this Notice of Removal within the thirty-day time period. *See* 28 U.S.C. § 1446(b); *see also Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 2009 WL 5062086, at *1 (S.D. Tex. Dec. 16, 2009). Accordingly, removal of this action is timely.

## II.
### DIVERSITY OF CITIZENSHIP

5.      Removal is proper under 28 U.S.C. § 1332(a)(1) because there is currently complete diversity of citizenship, and complete diversity existed on the date the state court case was filed.

6.      Plaintiff is a Texas corporation with its principal place of business in Bexar County, Texas.

7.      Defendant Westchester is an insurance company incorporated in the State of Georgia, with its principal place of business in the State of Pennsylvania.

## III.
### VENUE IS PROPER

8.      Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. §§ 124 and 1446, since it is the district and division within which such action is pending in state court.

## IV.
### AMOUNT IN CONTROVERSY

9.      Plaintiff's suit arises out of a dispute regarding an insurance claim for property damage caused by fire. Plaintiff alleges that it implicates "hundreds of thousands of dollars in liability." [Pl.'s Pet. at 3.] According to the petition, Plaintiff "seeks monetary relief, the maximum of which is over $200,000 but not more than $1,000,000." [Pl.'s Pet. at 12.] Therefore, the amount

in controversy exceeds the $75,000.00 threshold required to invoke this Court's jurisdiction. 28 U.S.C. § 1332(a).

## V.
### REMOVAL IS PROCEDURALLY CORRECT

10.     Pursuant to 28 U.S.C. §1446(a), attached hereto is a copy of all process, pleadings, and orders served upon Westchester in the state court action, (*See* Exhibit A).  As well as the clerk's docket and papers on file in the state court action (*See* Exhibit B).

11.     Pursuant to 28 U.S.C. §1446(d), promptly after Westchester files this Notice, written notice of the filing will be given to Plaintiff.

12.     Pursuant to 28 U.S.C. §1446(d), promptly after Westchester files this Notice of Removal, a true and correct copy will be filed with the District Clerk of Bexar County District Court.

## VI.
### RELIEF REQUESTED

13.     Because the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the action is properly removed pursuant to 28 U.S.C. § 1441.

14.     Defendant Westchester respectfully requests that the United States District Court for the Western District of Texas, San Antonio Division, accept and file this Notice of Removal, assume jurisdiction of this action, and issue all such further orders and processes as may be necessary.

Respectfully submitted:

By: /s/ *Stephen Pate*
    Stephen Pate
    *Attorney-in-Charge*
    State Bar No. 15566500
    spate@cozen.com
    **COZEN O'CONNOR**
    LyondellBasell Tower
    1221 McKinney, Suite 2900
    Houston, TX 77010
    Telephone:  (832) 214-3957
    Telecopier:  (832) 706-3423

    *-and-*

    Donnie M. Apodaca, II
    State Bar No. 24082632
    dapodaca@cozen.com
    **COZEN O'CONNOR**
    1717 Main Street, Suite 3400
    Dallas, Texas 75201-7335
    Telephone:  (214) 462-3000
    Telecopier:  (214) 462-3299

**ATTORNEYS FOR WESTCHESTER
SURPLUS LINES INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This certifies that, on November 14, 2017, a true copy of the foregoing was served on the

following counsel of record via mail pursuant to the Federal Rules of Civil Procedure:

Brennan M. Kucera
<u>brennan@krwlawyers.com</u>
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
*Attorneys for Plaintiff*

_/s/ Donnie M. Apodaca, II_
Donnie M. Apodaca, II