

# Texas Department of Insurance

**General Counsel Division (113-2A)**
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

October 25, 2017

**Certified Mail No. 7016 2070 0000 2662 4184**
**Return Receipt Requested**

John J. Lupica, President
Westchester Surplus Lines Insurance Company
436 Walnut St.
Philadelphia, PA 19106-3703

Re:   Cause No. 2017-CI-16625; styled *Brothers Ent, Inc. d/b/a Primos Food Mart #2 vs.
      Westchester Surplus Lines Insurance Company;* in the 288th Judicial District Court,
      Bexar County, Texas

Greetings:

Service of Process has been requested through the Commissioner of Insurance. Enclosed
please find citation and Plaintiff's Original Petition in the above-referenced matter. These
documents were served on the Commissioner of Insurance on October 23, 2017.

Sincerely,

*Tish Wilhelm*

Tish Wilhelm
General Counsel Division
(512) 676-6543

Enclosures

RECEIVED

NOV 0 2 2017

ACE INCOMING LEGAL

PRIVATE PROCESS

Case Number: 2017-CI-16625

2017CI16625  S00002

**BROTHERS ENT INC**
**VS.**
**WESTCHESTER SURPLUS LINES INSURANCE COMP**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
288th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: WESTCHESTER SURPLUS LINES INSURANCE COMPANY
BY SERVING THROUGH THE COMMISSIONER OF INSURANCE
11574 GREAT OAKS WAY, SUITE 300 ALPHARETTA, GEORGIA 30022

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL
PETITION  was filed on the 31st day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 10TH DAY OF OCTOBER A.D., 2017.

BRENNAN M KUCERA
ATTORNEY FOR PLAINTIFF
16500 SAN PEDRO AVE #302
SAN ANTONIO, TX 78232



Donna Kay MᶜKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Victoria R Angeles*, Deputy

---

| BROTHERS ENT INC<br>VS<br>WESTCHESTER SURPLUS LINES INSURANCE COMP | **Officer's Return** | Case Number: 2017-CI-16625<br>Court: 288th Judicial District Court |

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached

ORIGINAL  PETITION   on the  date  of  delivery  endorsed  on  it  to_____, in person on the _____ day

of_____,    20_____    at    _____    o'clock    ___M    at _____    or    (  )    not    executed    because

_____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is

_____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on

the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

Case 5:17-cv-01163-DAE   Document 1-1   Filed 11/14/17   Page 3 of 16 sac1

## 2017CI16625

CAUSE NO._____

| | | |
|---|---|---|
| BROTHERS ENT, INC. D.B.A. PRIMOS FOOD MART #2 | § § § | IN THE DISTRICT COURT |
| V. | § § § | **288** JUDICIAL DISTRICT |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY | § § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff BROTHERS ENT. INC. D.B.A. PRIMOS FOOD MART #2, files this Original Petition against WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("WESTCHESTER" or the "INSURANCE DEFENDANT"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Bexar County, Texas.

Defendant WESTCHESTER is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process or certified mail return receipt requested, by serving WESTCHESTER SURPLUS LINES INSURANCE COMPANY, 11574 Great Oaks Way, Suite 300, Alpharetta, Georgia 30022 through the Commissioner of Insurance, at 333 Guadalupe, Austin, Texas 78701, or wherever else it may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise to the causes of action were committed in Bexar County, Texas and the Plaintiff and property which is the subject of this suit are located in Bexar County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 164 Oelkers, San Antonio, Texas 78204 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

From the time of inception, and continuing beyond the date of loss, Plaintiff paid all

premiums to INSURANCE DEFENDANT and its agents according to the terms of the Policy. INSURANCE DEFENDANT alleges that it mailed Plaintiff a letter on or about January 8, 2017, cancelling the Policy. However, Plaintiff never received the cancellation letter, INSURANCE DEFENDANT cannot demonstrate it mailed the letter, and premiums were withdrawn from Plaintiff's account and accepted by INSURANCE DEFENDANT following the supposed cancellation, on February 9, 2017, and again on March 8, 2017. Further, INSURANCE DEFENDANT did not refund nor tender a refund in a timely fashion to Plaintiff at the time of notice of cancellation, which would in any event render the notice insufficient. Therefore, the Policy was still in effect at the time Plaintiff suffered covered losses.

During the terms of said Policy, on or about March 9, 2016, under Policy No. 03879979401, Plaintiff sustained covered losses in the form of fire damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy.   A back and forth then occurred about whether the Policy was in place. INSURANCE DEFENDANT first took the position that there was no policy in place.  Then, on or about March 24, 2017, INSURANCE DEFENDANT'S agent, Ms. Jennifer Dixon, emailed Plaintiff, asserting that the Policy had been reinstated.

Meanwhile, INSURANCE DEFENDANT investigated the loss and came to the conclusion that this would be a total loss thereby implicating hundreds of thousands of dollars in liability. Subsequently, Ms. Dixon sent another email, asserting that the Policy could be reinstated because it was cancelled and sufficient notice was sent to Plaintiff.  INSURANCE DEFENDANT then refused to pay for the claim, failed to abide by the Policy contract, misrepresented that the policy and coverage were not in place due to cancellation, and failed to effectuate a prompt, fair and

equitable settlement event though liability was more than clear.

Plaintiff performed all the conditions of the contract between INSURANCE DEFENDANT and it, and did not commit any act that would void the Policy by its terms. INSURANCE DEFENDANT wrongfully violated the contractual rights of Plaintiff when it declared that the Policy had lapsed and was forfeited. After claiming Plaintiff forfeited the Policy, INSURANCE DEFENDANT inconsistently acknowledged that the Policy existed and therefore waived the forfeiture by Plaintiff.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the that the policy was not in place when it in fact was, the premiums had been accepted, and a waiver and forfeiture had already occurred. INSURANCE DEFENDANT'S conduct constitutes a

violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.    BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and

under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1.    UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**2.    THE PROMPT PAYMENT OF CLAIMS**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made

actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## WAIVER OF PLAINTIFF'S FORFEITURE

In the event that notice of cancellation was sufficient, INSURANCE DEFENDANT'S conduct constitutes a waiver of Plaintiff's alleged forfeiture of the Policy because through its agent, it acted inconsistent with the claim of forfeiture by recognizing the existence of the Policy.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of INSURANCE DEFENDANT'S mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid

pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

IX.

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE DEFENDANT provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim

under any policy.  Please produce a privilege log for any portions withheld on a claim of privilege.

## XII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $200,000 but not more than $1,000,000.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:      (210) 490-7402
Facsimile:      (210) 490-8372


BY:   /s/Brennan M. Kucera
        Brennan M. Kucera
        State Bar No. 24076491
        brennan@krwlawyers.com


ATTORNEY FOR PLAINTIFF


**PLAINTIFF REQUESTS A TRIAL BY JURY**

TEXAS DEPARTMENT OF INSURANCE

333 GUADALUPE ST | AUSTIN TX 78701
PO BOX 149104 | AUSTIN TX 78714-9104

*113-2A*

**RETURN SERVICE REQUESTED**

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR PRIVATE USE

CERTIFIED MAIL

7016 2070 0000 2662 4184

*INCOMING LEGAL WA04K*

John J. Lupica, President
Westchester Surplus Lines Insurance Company
436 Walnut St.
Philadelphia, PA 19106-3703

RECEIVED

NOV 01 2017

CHUBB NA OFFICE OF GENERA